# Supreme Court of the Navajo Nation

---

**The Navajo Nation, Plaintiff-Appellee,**

**v.**

**Walter Blake, Defendant-Appellant.**

**Decided November 5, 1996**

---

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and SLOAN* (*sitting by designation), Associate Justices.

Jimmie Dougi, Esq., Office of the District Prosecutor, Tuba City, Navajo Nation (Arizona), for the Plaintiff-Appellee; and Phillip O. Multine, Esq., Navajo Public Defender's Office, Tuba City, Navajo Nation (Arizona), for the Defendant-Appellant.

Opinion delivered by AUSTIN, Associate Justice.

The Tuba City District Court sentenced the Appellant, Walter Blake (Blake), to imprisonment and to pay restitution after pleading guilty to the crimes of criminal damage and criminal entry. Blake argues that the district court should have held a hearing to detemine if restitution should be awarded.

### I

Blake was charged with committing seven criminal offenses after he was apprehended for starting a fire that destroyed two businesses in Tuba City, Navajo Nation (Arizona): The Pizza Edge Restaurant and Dahl Chiropractic. Blake pleaded guilty to the offenses of criminal damage and criminal entry, 17 N.N.C. §§ 351, 380 (1995), in exchange for dismissal of the other charges. The criminal complaints for the two remaining offenses listed $2,000 and $72,000 as the amounts of restitution requested by the business owners for damages. Discovery revealed that the owner of the Pizza Edge Restaurant had insurance to cover his losses. Whether Dahl Chiropractic had insurance to cover its losses is not known.

During negotiations on a plea agreement, the prosecutor informed Blake that restitution would not be sought; therefore, it was not a point of contention, nor included in the final agreement. The parties dispute whether the court accepted the plea agreement and the record is of little help in this regard. Furthermore, neither the parties nor the court raised the issue of restitution at any time during the

proceedings, including sentencing. Moreover, although restitution was requested in the criminal complaints, the Navajo Nation did not actively pursue it at all.

The court did not hear any evidence concerning the businesses nor the alleged damages incurred by the owners, perhaps, because the case did not proceed to trial. Also, restitution was not a recommended sentence either by the plea agreement or the Navajo Nation during sentencing. Nonetheless, the court, on its own, awarded $2,000 and $74,000 as restitution to the two business owners. Blake uses these facts to argue that the district court erred when it awarded restitution without a hearing and considering evidence.

## II

Relying on *Navajo Nation v. Bedonie*, 2 Nav. R. 131, 135 (1979), the Navajo Nation argues that this Court cannot review the restitution issue because Blake did not object to it during sentencing or raise it as a matter of post-trial relief. *Bedonie* does not support the Navajo Nation. In that case, the issue of whether the court could consider evidence from a prior hearing involving the defendant's co-defendants was before the court. *Id.* at 134. The Navajo Nation did not object to the court considering the evidence and, on appeal, the issue was ruled as waived for lack of objection at trial. *Id.* at 135. In this case, the prosecutor requested restitution on behalf of the business owners in the criminal complaints, but he failed to raise it for the court's decision either prior to or during sentencing. In fact, it is not controverted that the Navajo Nation chose not to pursue it. Thus, Blake did not have a viable restitution issue to contest.

The case of *Navajo Nation v. Platero*, 6 Nav. R. 422, 428 (1991), also sheds light on the appealability of this issue. In that case, we established the rule that this Court "may ... consider errors, whether or not they are raised by the defendant, if any of the following is present: (1) if they are plain and affect substantial rights; (2) if they affect jurisdictional or constitutional rights; (3) if there is lack of subject matter jurisdiction; and (4) if review is necessary to avoid grave injustice." Blake was ordered to pay $74,000 in restitution without being given notice that the court would consider it and without an opportunity to defend. The court's restitution decision plainly affects Blake's due process rights and, undoubtedly, a substantial amount of his property. We see no better case for review, to avoid a grave injustice under the teachings of *Platero*, than this one.

## III

Our modern criminal law, as it is found in the Navajo Nation Criminal Code, is foreign to traditional Navajo society. Navajos, traditionally, did not charge offenders with crimes in the name of the state or on behalf of the people. What are charged as offenses today were treated as personal injury or property damage matters, and of practical concern only to the parties, their relatives, and, if necessary, the clan matriarchs and patriarchs. These "offenses" were resolved using

the traditional Navajo civil process of "talking things out." *Nalyeeh* (restitution) was often the preferred method to foster healing and conciliation among the parties and their relatives. The ultimate goal being to restore the parties and their families to *hozho* (harmony).

These concepts supported a request for restitution in a juvenile proceeding in a prior district court case. In *In the Matter of D.P.*, 3 Nav. R. 255, 257 (Crownpt. Dist. Ct. 1982), the court discussed the Navajo traditions of putting the victim in the position he or she enjoyed prior to the offense, punishing in a visible way to show a wrong was punished, and giving an offender a means to return to the community by making good for a wrong. *Id.* The court concluded that "not only is restitution pemitted under Navajo custom law, but indeed it was so central to Navajo tradition in offenses that it should be presumed to be required in any juvenile disposition." *Id.* While we agree that restitution is central to Navajo tradition, we do not, at this point, address whether restitution should have presumptive value in criminal cases.

Restitution, a time honored American Indian practice, entered the tribal criminal codes through the early Bureau of Indian Affairs (BIA) Code of Federal Regulations (CFR) (often referred to as "Law and Order Regulations"). For example, a provision in the 1938 BIA regulations states as follows:

> In addition to any other sentence the Court [CFR Court] may require an offender who has inflicted injury upon the person or property of any individual to make restitution or to compensate the party injured, through the surrender of property, the payment of money damages, or the performance of any other act for the benefit of the injured party.

Federal Register, at page 956 (May 18, 1938).

In 1958, the Navajo Nation Council adopted, wholesale, the BIA Law and Order Regulations and made it the Navajo Nation Criminal Code. See Navajo Tribal Council Res. No. CJ-45-58 (passed July 18, 1958). Upon adoption, the restitution provision found in the BIA regulations became a part of Navajo statutory criminal law. Restitution, therefore, is firmly embedded in Navajo common law and in modern Navajo criminal law. With this background, we now turn to the issue raised by Blake.

Blake agrees with the Navajo Nation that the district court has the power to award restitution to the business owners upon his guilty plea to criminal damage. Blake, however, takes issue with the court's award of restitution without notice to him and an evidentiary hearing on the issue. Blake believes that the applicable subsection in the criminal statute, 17 N.N.C. § 380(C) (1985), requires a hearing and the court must be satisfied of certain factors before awarding restitution.

Subsection 380(C) states as follows: "*Restitution*. The court, in addition to or in lieu of the sentence, may require the offender to pay actual damages for the benefit of the injured party." (italics in original). Blake believes that the words "actual damages" and "injured party" in the subsection mandates an evidentiary

hearing, because, without a hearing, it would be impossible to identify the injured party. Blake also argues that on any claim for damages, there must be evidence presented in support of that claim, because our law is damages cannot be speculative. *Wilson v. Begay*, 6 Nav. R. 1, 5 (1988).

We agree with Blake. Before restitution can be awarded under the criminal code, and specifically subsection 380(C), the court must be satisfied with these minimal factors: 1) Is restitution appropriate in the case; 2) Who is the injured party; 3) What is the extent of the loss or injury; 4) What kind of restitution is appropriate; and 5) If money is to be paid, what amount would satisfy the actual damages requirement. We believe that these factors satisfy the rudiments of traditional Navajo due process apparent in this criminal statute. We trust the district courts will fashion approaches to ensure that the mandates of the statute are fulfilled.

Finally, Blake's guilty plea came before the district court on a plea bargain. Under our law, the district court need not accept the exact terms of a plea bargain. The court should warn the defendant that it may disregard the agreement and impose the full sentence allowed by law before accepting the plea. If the defendant still wishes to enter a guilty plea, the court should proceed to sentence. *See, Stanley v. Navajo Nation*, 6 Nav. R. 284 (1990).

The decision of the Tuba City District Court on restitution is reversed and the issue remanded to that court for a new hearing.